UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LARRY HOWARD,

                Plaintiff,                           Case No. 2:14-cv-99

v.                                                  Honorable Gordon J. Quist

UNITED STATES OF AMERICA et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds.

**Factual Allegations**

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues Chief 50th Judicial Circuit Judge James P. Lambros and Retired Chief 50th Judicial Circuit Judge Nicholas J. Lambros.

Plaintiff complains that Defendants interfered with his trial court cases, as follows (verbatim):

> Former Chief Judge Nicholas J. Lambros directed me to file law suits in amendment to medical injunction/preliminary restraining motions that were denied by him wrongfully in support of, (my counter claims of), a racial conspiracy to extremely deprive a prisoner of his humane rights under color of law by way of torture. Once the suit was filed N. J. Lambros dismissed my complaint without proper grounds. Just before, a oral motion was presented by Public Defender Jennifer J. France for a psych. fore[n]sic exam & N. J. Lambros allowed the conditions to be altered -without my consent- & on layover detail I was assaulted and forced to take a photo & psyc exam peppered sprayed & bleeding . . . none of which the examiner reported. Succeeding N. J. Lambros was Chief James P. Lambros, his son, and he wrongfully denied me my right to address the issues at my mental comp. hearing. I caught (3) more cases under double jeopardy. I filed suit against my incriminating DW Horton & on the day to move for default judgment it was void by a dismissal a day before by J. P. Lambros, $60,000 in monetary remedy gone. To get road out of the torture zone (URF) I took a plea agreement I knew little about for life lengthy sentences.

(Am. Compl., docket #12, Page ID#36.)

For relief, Plaintiff requests $3.2 million dollars.

**Immunity**

Plaintiff complains that Retired Chief Judge Nicholas Lambros wrongfully denied Plaintiff's motions, altered the conditions of his psychological examination and dismissed his complaint. Plaintiff also argues that his successor, Chief Judge James Lambros, erroneously limited Plaintiff's ability to contest his mental competency hearing.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that ruling on motions, psychological examinations and competency hearings, and dismissing Plaintiff's complaint are judicial acts and Retired Chief Judge Nicholas Lambros and Chief Judge James Lambros were acting within their jurisdiction in doing so. Accordingly, Judges Nicholas Lambros and James Lambros are absolutely immune from liability. Because Judges Nicholas Lambros and James Lambros are clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: December 5, 2014                                     /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE